IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 15, 2005

## JUBAL CARSON v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5925      Joseph H. Walker, III, Judge**

_____

**No. W2005-00745-CCA-R3-HC  - Filed January 4, 2005**

_____

The petitioner, Jubal Carson, appeals the Lauderdale County Circuit Court's dismissal of his petition for habeas corpus relief.  Because the petitioner failed to timely file a notice of appeal and the interests of justice do not require the waiving of a timely notice, we dismiss the appeal.

### Tenn. R. App. P. 3; Appeal Dismissed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Jubal Carson, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Mark A. Fulks, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

On December 20, 2004, the petitioner filed a petition seeking habeas corpus relief in the Lauderdale County Circuit Court.  The petition alleged the following circumstances that led to his incarceration in West Tennessee State Penitentiary: On August 7, 1978, he was ordered to serve a two-year probationary sentence for attempt to commit a felony.  On March 31, 1979, the petitioner was confined in the Knox County Jail as a result of violation of his probation and a charge of burglary.  The petitioner escaped and was returned to custody on July 23, 1979.  On August 1, 1979, the petitioner was transferred to a state penitentiary to serve his original, August 7, 1978 sentence.  On May 5, 1980, the petitioner was paroled and transferred to Knox County to address his escape charge.

Shortly thereafter, the petitioner was apparently convicted of escape and received a one-year sentence.  On June 20, 1982, the petitioner escaped again.  On August 4, 1991, the petitioner was arrested on a charge of escape and on a number of charges for offenses committed in

Blount and Knox Counties since 1982. On September 4, 1991, the petitioner received a one-year sentence for his 1982 escape, to be served consecutively to his earlier escape sentence.

On February 19, 1992, he received the following sentences:

| Case Number | Charge | Sentence |
| --- | --- | --- |
| C-6207 count 1 | aggravated burglary | 5 years |
| C-6207 count 2 | theft | 4 years |
| C-6208 count 1 | aggravated burglary | 5 years |
| C-6208 count 2 | theft | 4 years |

These four sentences were imposed to run concurrently with each other.

On April 23, 1993, the petitioner was sentenced to serve 33 months on a federal offense.

He then pleaded guilty to some charges pending in Knox County and went to trial on other Knox County charges. On May 17, 1993, the petitioner received the following sentences in Knox County:

| Case Number | Charge | Sentence |
| --- | --- | --- |
| Group A | | |
| 45211 | aggravated burglary | 5 years |
| 45212 | aggravated burglary | 5 years |
| 45214 | aggravated burglary | 5 years |
| 45215 | aggravated burglary | 5 years |
| 45423 | attempted burglary | 4 years |
| Group B | | |
| 45209 count 1 | aggravated robbery | 30 years |
| 45209 count 17 | aggravated assault | 15 years |
| 45209 count 18 | aggravated assault | 15 years |
| 45209 count 24 | reckless endangerment | 6 years |

The sentences in Group A were imposed to run concurrently with the effective five-year Blount County sentence. The sentences in cases numbered 45211 and 45212 were imposed to run consecutively to each other, and the remaining Group A sentences were imposed to run concurrently with the sentence in case 45211, yielding an effective Group A sentence of 10 years.

The 30-year sentence on count 1 in case number 45209 was imposed to run concurrently with the federal sentence but consecutively to the effective 10-year sentence in Group

A. Also, in case number 45209, the 15-year sentence on count 17 and the six-year sentence on count 24 were imposed to run consecutively to the 30-year sentence. The 15-year sentence on count 18 was allowed to run concurrently with count 17.

In his petition for habeas corpus relief, the petitioner alleged:

(1) The 1992 Blount County sentences were effectively but illegally imposed to run concurrently with his 1991 sentence for his 1982 escape.

(2) The offenses in Group A of the Knox County charges were committed while he was on escape and were effectively but illegally imposed to run concurrently with the escape sentence.

(3) The petitioner's persistent-offender sentencing status in Group B was illegally adjudicated in contravention of Tennessee Code Annotated sections 40-35-107(b)(1) and 40-35-202(a) because the convictions comprising the persistent-offender status were adjudicated on the same day.

(4) The Knox County Group B sentences are illegal and void because the state failed to give an adequate sentencing enhancement notice.[1]

In its January 19, 2005 order, the habeas corpus court dismissed the petition after finding that the sentences imposed in the two escape convictions and in the Knox County convictions in Group A had expired. The court also found that the petitioner's allegations concerning his Group B sentences would, if true, merely render those sentences voidable, not void.

The petitioner filed his notice of appeal on March 28, 2005, late by more than two months. *See* Tenn. R. App. P. 4(a). We recognize that "in all criminal cases the 'notice of appeal' document may be waived [by the appropriate appellate court] in the interest of justice." *See id.* Even if we were to view this habeas corpus appeal as a criminal case, we fail to see that the timely filing of a notice of appeal should be excused. We endeavor to explain.

The legal issues raised in a habeas corpus proceeding are questions of law, and appellate review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891

---

[1] The petitioner's six claims are consolidated into the four rubrics stated above.

S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (stating that a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding). For an illegal sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). An "illegal" sentence equates to a "jurisdictional defect." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001).

In *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), however, the supreme court said broadly in addressing plea-bargain negotiations that issues of "offender classification and release eligibility" are "non-jurisdictional." *Id.* at 795; *see Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997) (holding that a plea-bargained Range II sentence is valid when coupled with Range I release eligibility); *Bland v. Dukes*, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002) (upholding aggravated robbery sentence, despite sentence length falling in range above petitioner's range classification), *perm. app. denied* (Tenn. 2002). Nevertheless, "[t]he 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *McConnell*, 12 S.W.3d at 799; *see*, *e.g.*, *William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (holding that 100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to habeas corpus attack); *see also Stephenson*, 28 S.W.3d at 911-12 (holding first degree murder sentence expressed as life sentence without possibility of parole subject to habeas corpus relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).

For instance, in *McLaney*, the habeas corpus petitioner complained that his concurrent alignment of a sentence for a pre-bail offense with sentences for post-bail offenses was void. *See McLaney*, 59 S.W.3d at 92. Apparently, McLaney bargained for and obtained a global plea agreement that embraced sentences for aggravated rape (the pre-bail offense) and for rape and burglary (the post-bail offenses). *See State v. Jackie W. McLaney*, No. 74 (Tenn. Crim. App., Knoxville, Mar. 31, 1988) (on McLaney's appeal from denial of post-conviction relief, appellate court reveals that, even though the guilty plea to aggravated rape was entered two days before the guilty pleas to rape and burglary, the various pleas were part and parcel of one plea agreement). In *McLaney*, the supreme court said that "if the facts [were] as alleged, the trial court imposed a sentence in direct contravention of the sentencing act . . . [and] this would create an illegal sentence." *McLaney*, 59 S.W.3d at 93. Despite McLaney's habeas corpus allegations of such a void sentence,

the habeas corpus court declined to appoint counsel or to afford him a hearing. The supreme court reversed and required the habeas corpus court to determine whether "the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail." *Id.* at 94.

In any event, the burden of proving that a judgment is void "entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment." *Id.* at 93. The petitioner must show via the face of the judgment or the record of the proceedings upon which the judgment is rendered that the court lacked jurisdiction to sentence the defendant. *Stephenson*, 28 S.W.3d at 911. In contrast, "'[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity.'" *McLaney*, 59 S.W.3d at 93 (quoting *Taylor v. State*, 995 S.W.2d 78, 93 (Tenn. 1999)). "[N]o evidentiary hearing shall justify the issuance of the writ. Accordingly, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *Id*. (citation omitted).
.

Furthermore, to obtain a release from custody via a habeas corpus proceeding, the petitioner must establish that he or she is imprisoned or restrained of his or her liberty "as a direct consequence" of the judgments being challenged. *See Hickman v. State*, 153 S.W.3d 16, 23-24 (2004); Tenn. Code Ann. § 29-21-101 (2000). When a petitioner is yet incarcerated under a lawful, unexpired sentence, an earlier or different sentence that has expired no longer imposes "any further restraint upon . . . [the petitioner's] physical movement or action." *Hickman*, 153 S.W.3d at 24. Such a petitioner is entitled to no relief *vis a vis* the expired sentence.

With these legal premises in mind, we turn to the petitioner's case.

Apparently, pursuant to the reasoning of *McLaney*, the petitioner's 1992 Blount County sentences should have been imposed to run consecutively to his then unfulfilled escape sentence. *See, e.g.,* Tenn. R. Crim. P. 32(c)(3) (providing bases for mandatory consecutive sentencing, including "for a felony committed while on escape"). Still, we discern no basis for relief. First, the 1992 Blount County judgments do not address the issue of alignment of those sentences with the prior escape sentence. Pursuant to Rule 32(c)(3), the sentence in a category requiring mandatory consecutive alignment "shall be consecutive whether the judgment explicitly so orders or not." Thus, we are unconvinced that the 1992 Blount County effective sentence was imposed to run concurrently with the escape sentence, despite that the second escape sentence apparently had not expired before the effective Blount County sentence was imposed. Second, even if the 1992 Blount County sentences were imposed to run concurrently with the escape sentence, the effective five-year Blount County sentence had expired before the petition was filed. Though the petitioner is imprisoned, he is not restrained of his liberty as a direct consequence of the 1992 Blount County sentences and is entitled to no relief from those sentences.

The Knox County offenses in both Groups A and B were apparently committed while the petitioner was on escape status. However, the petitioner's 1978, two-year felony sentence had

expired, and his two consecutive escape sentences apparently expired circa November 1992. As such, the escape sentences had been completed prior to the May 17, 1993 imposition of any of the Knox County sentences listed in Groups A and B. Thus, these latter sentences were effectively imposed to run consecutively to the escape sentences. We can see no further claim to habeas corpus relief based upon the Knox County offenses being committed while the petitioner was an escapee. Rule 32(c)(3) does not require that all felonies committed while on escape be served consecutively to each other.[2]

Furthermore, we discern no viable habeas corpus claim that the trial courts impermissibly classified the petitioner as a persistent offender or otherwise improperly enhanced his sentences. As noted above, issues of offender classification are not jurisdictional. *See McConnell*, 12 S.W.3d at 798. Any errors in classifying the petitioner for sentencing purposes or in increasing the lengths of sentences would render the resulting judgments merely voidable, not void and not subject to collateral attack via a petition for a writ of habeas corpus.

In conclusion, the petition presented no claims that press us, in the interests of justice, to excuse his untimely filing of a notice of appeal. As a result, the appeal is dismissed.

_____

JAMES CURWOOD WITT, JR., JUDGE

---

[2] Additionally, we observe that the Knox County sentences listed in Group A expired before the filing of the habeas corpus petition.